May it please the Court, my name is Jason Spiro and I represent Appellate Nastasi & Associates. This appeal involves two issues that were largely resolved by this Court's recent decision in fund liquidation and which require reversal of the District Court's decision here. First, Nastasi & Associates has Article III standing. Fund liquidation is clear that a pre-suit assignment of claims does not implicate Article III standing in any way. It's a matter of prudential standing under Rule 17a. Thus, even if Nastasi had assigned its claims pre-suit, which it did not, Article III standing This case has got a lot of twists and turns to it. What I don't understand is, and the reason why I'm asking you the question, is you just said that they didn't assign it. Well, you most clearly said that in Nassau Supreme Court and your name was Nastasi's on that complaint. Why isn't he judicially estopped? You take one position in one court, you can't take a contrary position in another, can you? Your Honor, that was a pleading that was pled in error. That's not a very good answer. Your error, have you retracted that? Have you rescinded that in Nassau Supreme? Yes, Your Honor. It's been corrected. There was a motion filed in Nassau Supreme. The motion was both to strike that. Did you prize Judge Furman of that? Judge Furman was prized in our motion for reconsideration of our efforts to do that and did consider that, but at this point in that case, one, the trust is no longer even a party to the case and that allegation was stricken. That allegation was used in the district court case. It was out of context and it was used without moving for judicial notice. The language is pretty clear. You say that it was really a credit mechanism and I can understand that, but you didn't rebut the earlier phrase in the complaint that said that Nastasi had assigned everything to the trust. I mean, this is a mess. So let's get this clear. Liquidation fund straightens out the standing issue. I think that's fairly clear that Nastasi has standing. So it turns now on and the real, at least as things currently stand, if the assignment is still legitimate or there, then the real party in interest is somebody else. The trust and the problem is that Judge Furman viewed that in the context of a motion to reconsider, didn't he? He viewed the evidence in the motion to reconsider. I mean, I think the initial problem is Judge Furman viewed it through the lens of Article 3 standing and did not decide the issue of Rule 17A, which obviously influenced the way Judge Furman viewed everything from that point on. So you'd ask that we remand it to the district court to reconsider in light of liquidation fund? That would be yes. That would be part of our request, certainly. Go ahead, Judge Kearney. I wondered, at what point did you offer to have the trust ratify the action? I mean, it seemed to me somewhat delayed and surprisingly so, having had the issue arise. So the request was made at the same time as the motion for reconsideration. And the reason for that was that was up until that point, we believed and we still believe. And the reason we believe this is because there never was an actual assignment that Mastassi was the real party in interest. And until Judge Furman, sua sponte, without oral argument, without briefing, ruled on Article 3 standing and dismissed the case, we didn't believe that there was a need at that time to make the request for ratification because we believe we're the real party in interest. As soon as he did that, we made the request for ratification. And I believe under the permissive Rule 1783 standard, that fits within the same time. And even fund liquidation would be a good example of that because it was far longer, farther along in the case where they sought to bring in the parties who were the, in that case, they were actual signees and they didn't dispute it. And they were permitted and then have been permitted to become parties to the case withstanding and consistent with Rule 17. But am I right? Go ahead. Am I right? But in the second motion to dismiss, the argument was clearly made that your client was not the real party in interest, relying on that statement in the state court action. But you waited until the motion to reconsider to to address it. Am I right in understanding that chronology? So that's so it's correct that the in the context of 12B6 motion under for real party in interest, they made the argument that that we were not based on a single pleading and kind of in a disparate and separate action, which we didn't believe was very credible and certainly not an emotion to dismiss. It became more credible in the context of Judge Furman's belief that was an Article 3 standing issue where it would make more sense that we would in response to an Article 3 standing, if a 12B1 motion had been made on Article 3 standing, we certainly would have reacted differently and submitted evidence immediately. But in the context of Rule 12B6 motion, where it just did not seem mistakenly at the time, admittedly, as as we look back, it did not seem like it was a credible position on 12B6 to be looking at. You didn't expect Judge Furman to go outside the record on the 12B6 or outside the pleadings on the 12B6. Is that your argument? We didn't we didn't expect that he would because there was no motion for judicial notice, which was required and because he took it for the truth of the matter asserted, which is a matter of evidence was improper. He could take judicial notice, the fact that there was a separate case and there were filings. But but under this court's precedent, taking it for the truth of the matter asserted that there had actually been a legal assignment, it was improper and we didn't expect it, at least in the context of 12B6 motion. Nonetheless, you had a pleading that was saying exactly the opposite of what you were asserting as a premise of this case. And you had you had a verified complaint in the state court. I mean, it seems to me that whether you call it a 12B1 issue or 12B6 issue or Rule 17 issue, you had a problem in that you were making inconsistent representations in the state and federal court. But let me ask you a question. Am I right in understanding you've already filed, refiled in the Southern District? You have another action parallel to this pending. Is that right? We did. We did refile after after Judge Furman's decision. Yes. You have a statute of limitations problem in that case. That would be that that would be the problem. That's why that's why relation back in 17A are critical. And that and we believe that's the purpose of 17A is to to make sure that just just claims are not lost due to honest mistakes. OK, we'll hear from your adversary. Thank you. Thank you. Good morning. May it please the court. My name is Keith Blackman. I'm arguing on behalf of the appellees. Three weeks ago, a panel of this court handed down its decision in fund liquidation, reversing Second Circuit precedent on standing and narrowing the issues now on appeal. But this case is far different from fund liquidation. Here, Anastasi failed to make any real argument regarding real party of interest until after its case had already been dismissed in the posture of a motion for reconsideration. Just as importantly, unlike in fund liquidation, the district court here expressly found that the real party of interest, the trust, failed to join, substitute or ratify the action within a reasonable time under Rule 17. I believe my adversary suggested otherwise that that that Judge Furman only ruled on standing. But that's that's incorrect. Judge Furman expressly said in his ruling on the motion of reconsideration that even if he was wrong on standing, he analyzed the issue under Rule 17 and found that the request was not made in a timely manner. Given the arguments raised by the appellants, I think it's important to focus for a minute on the proceedings in the district court to provide context for Judge Furman's exercise of his discretion. Following more than 100 pages of briefing on a defendant's initial motion to dismiss, the district court issued an order sui sponte that suspended further briefing and permitted Anastasi to replead to address the issues raised in motion dismissed, which included standing and real party of interest. But the court made clear that this would be Anastasi's only opportunity to replead. And if Anastasi failed to meet the arguments raised, the case would be dismissed. Anastasi didn't address standing or real party of interest in its amended pleadings. And then even more inexplicably, Anastasi didn't reach didn't seriously address standing or real party of interest in its opposition papers. As a reminder, the defendants raised real party of interest as argument one in their pleadings. And it was based on one piece of evidence on Anastasi's repeated sworn statements in New York state court that the trust and not Anastasi was the real party of interest. And against that, despite having the burden of proof, Anastasi did not argue that his state court pleadings had been mistaken. Instead, it confirmed the accuracy of its state court pleadings. Anastasi didn't introduce any contrary evidence at that time. Anastasi didn't request any relief under Rule 17. And, you know, for the reason now, it appears that Anastasi didn't think that the court would take the argument seriously, despite the court's previous order saying exactly the opposite that. Isn't there some, is there some problem here with just the confusion in this case? They didn't, the district court did not have the benefit of fund liquidation. So it was looking through the lens of jurisdiction and Article 3 standing. But to the extent that this is a Rule 17 issue, it does seem to me that it's not a 12B1 issue, but a 12B6 issue. And you usually don't expect to be going outside the pleadings and relying on filings for their truth. I mean, you're limited to the pleading for 12B6. And so I'm not sure we can just disentangle this as easily as you're suggesting. I think there's a few responses to that, Judge, that, I mean, first of all, the motion dismissed was brought under 12B1 and 12B6. And the standing portion of it was brought under 12B1, where matters outside the pleadings can be considered. Now, the issue now after fund liquidation is, you know, maybe this was actually a Rule 17 motion and not a Rule 12B1 motion. And I don't see any decisions by this court that say that a court can't go outside the pleadings on a Rule 17 motion. In fact, in the Courtland case, which was cited by both parties, the court considered extrinsic evidence on a 12B1 motion. And then it imported the same findings in its Rule 17 analysis. It didn't say that, you know, the materials that they reviewed for 12B1 purposes now had to be completely ignored. And I think it's important also to focus on the nature of these materials. These weren't just a stray statement made by some party somewhere. These were repeated statements made in state court by the party represented by the same council that were made only three months after the assignments at issue. They should be afforded every benefit of the doubt, as it were. So getting to the to the Rule 17 issue. Well, I guess the reason I outlined the proceedings in district court is it's important to remember that all of Anastasia's arguments on appeal, everything you just heard from my adversary, were only raised to the district court on a motion for reconsideration. So turning to the request to ratify under Rule 17, Rule 17 plainly states that any such request must be made within a reasonable time after the objection is first raised. And fund liquidation itself acknowledges that the determination of reasonable time lies squarely within the district court's discretion. And here, Judge Furman expressly held that a reasonable time had already passed when the request was made. This determination was well within Judge Furman's discretion. First, as I said, Anastasia failed to seek ratification in its opposition papers, the motion dismissed. And we cite several cases where that fact alone was dispositive to a district court judge. Actually, on the chronology, what exactly was the amount of time and, you know, intervening proceedings between the first mention that there was a Rule 17 problem and when ratification was proposed? The first mention was made in the defendant's first motion dismiss, which was in April of 2019. I acknowledge that it was not front and center, but in the first, but in the motion dismissed, the first amended complaint, which was filed in June of 2019, it was the first argument, the number one, old type argument. That the request for ratification didn't come until the motion for reconsideration, which was made in, sorry, in 2020, in March 2020. So it was 12 months after the initial motion dismiss or nine months after the second motion dismiss. And our brief cites several cases where delays of that amount of time were deemed unreasonable by the district court, including any NCUA versus New York US Bank case we cite on page 20, page 41 of our brief. The court upheld the district court's discretion to find that waiting a year was not reasonable. And what the court found, what this court found important was the fact that the district court had warned the plaintiff, as Judge Fuhrman did here, that it had a single opportunity to replead and it couldn't, couldn't keep, couldn't keep amending. Third, Judge Fuhrman correctly ruled here that the defendants were prejudiced. The prejudice was caused by Nastassi making repeated sworn statements in New York state court that the trust was the real party of interest. Apparently conceding that these state court allegations were true in its motion dismiss papers and then changing tack on reconsideration. And according to Judge Fuhrman, the substantial delay for no legitimate reason constitutes prejudice. And I would like to also point out that Nastassi was unable to find a single decision from this court overturning a district court's determination that a reasonable time had expired under Rule 17. Would your client suffer, or what kind of prejudice would your client suffer if you were to remand to Judge Fuhrman, might have to take another look at it, it might have liquid liquidation holdings. Well, I think that the prejudice is in terms of the year that's passed since this decision was made. We've had a long delay here. Nastassi could have just as easily last March filed a motion, filed a new case as it did in July and chose instead to seek reconsideration and appeal. We could have been a year down the road. But I think it's also important to say that the prejudice is not necessarily the only standard. Rule 17 only speaks to a reasonable time and decisions of this court held that Rule 17 relief should be denied when there is evidence of bad faith or an effort to deceive or prejudice or unfairness. And here I would say that it's clear that making one sworn statement in state court over and over again, and then changing position when it's convenient after your federal claims have been dismissed is bad faith. I'm not saying it's deception, but it's clearly a reckless disregard for statements that were made under oath to two different courts while being represented by the same counsel. And as the district court here seems to have held, the interests of justice don't require courts to allow parties to play fast and loose with the facts that way. My time is almost up. If I could make one more point, I would like to point out that here the trust has not actually appeared in this case or indicated any intention to ratify. In fund liquidation and in all the other cases, or many of the other cases cited, the real party of interest affirmatively sought to join or substitute or ratify the action under Rule 17. Here, we haven't heard a thing from the trust. It's been two years since this issue was first raised. It's been a year since Nastassi first requested permission to ratify, and the trust has not yet appeared. We only have Nastassi's word for it. Who was the plaintiff in the other action? I'm sorry? In the recent action? In the recent action, it is just Nastassi and Associates again, but there are more allegations concerning real party of interest. Okay, thank you. Sure. Thank you. Thank you very much. Thank you. We'll hear rebuttal. Thank you. Your Honor, just to clear up one point, Appellee's counsel mentioned that there was a 12B1 motion filed below. My understanding of that 12B1 motion, I've just checked this, is the 12B1 motion was filed in the context of dismissal of pendent state claims. The standing argument was immediately following the standard for 12B6, and I don't see anything that would put us on notice that there was a 12B1 motion relating to standing. I just don't think it exists in those motions. To address another point, going over to Rule 17, we cited in our brief, and I believe they're very persuasive cases that say, and I think this is the right decision on this, that it's reasonable for a party to wait until a decision is made by the district court as to whether they are a real party of interest. One reason this is distinct from the liquidation fund case is that in that case, they can see that there is an assignment. In this case, we believe very strongly that there was not an assignment, and once it was clear what the judge decided, immediately moved to ratify. I don't think there's any reason to question that the trust wouldn't be supportive of that, because even before the judge's decision, the trust took action to request leave to make the appropriate corrections and remove the trust from the state court action. So the very action that Judge Furman relied on, the trust took the same actions they would be taking here. Mr. Spiro, did you tell us that the trust is no longer in the Nassau County action? That's correct. So what is it, Mr. Spiro, that you'd ask us to do, to send it back so that Nestase now is the real party in interest? That would be our requested holding, would be either that would be the finding that they are the real party in interest, or alternatively, if you're not prepared to make that finding, that it's remanded for the purpose of reviewing this under Rule 17 instead of through the lens of... I could see Judge Furman having it come back to him and say, geez, the law changed, but you've changed your position, or now the trust is no longer interested in ratifying. So the very thing that the circuit court has reversed me on, that is Rule 17, or the implications of liquidation fund and Rule 17, I'm supposed to reconsider, but you really don't want a substitution. You want Nestase as the plaintiff. Is that it? Or ratification under Rule 17. That's what you want, isn't it? That's correct. Is that it? Yes. Hmm. Okay. And just to note one more point very, very briefly, the primary reason on the motion for reconsideration that Judge Furman said that 17A3 did not apply was based on the nullity doctrine. And not only did liquidation fund overrule the nullity, reject the nullity doctrine, but it just doesn't even apply to this case because of the initial holding that Nestase has standing in the first place. So another reason why I think remand would be appropriate. Okay. Thank you for your argument. Thank you both, and we will take the matter under advisement. That is the last case to be argued this morning, so I will ask the clerk to adjourn court. Court is adjourned.